Thomas A. Ross
Corso Law Group
Texas Bar No. 24084334
(Motion to appear Pro Hac Vice pending)
Corso Law Group
5177 Richmond, Suite 1250
Houston, Texas, 77056
Telephone: 713-231-0499
Fax:713-231-0449
Email: tross@corsolawgroup.com
Attorney for Doe 20



United States Courts
Southern District of Texas
FILED

NOV 20 2015

David J. Bradley, Clerk of Court

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| COBBLER NEVADA, LLC, | ) | **CIVIL ACTION NO. 4:15-cv-01308** |
| | ) | |
| Plaintiff, | ) | MOTION TO QUASH SUBPOENA |
| | ) | SERVED ON CUSTODIAN OF |
| v. | ) | RECORDS, COMCAST OF TEXAS, AND |
| | ) | MEMORANDUM OF LAW |
| DOES 1 – 22 | ) | |
| | ) | |
| Defendants. | ) | |

COMES NOW DOE No. 20 (as named in the Original Petition filed under Civil Action No. 14-cv-02060 which has been consolidated under the above listed Civil Action), and would show the following:

### INTRODUCTION

1. Pursuant to Fed. R. Civ. P. 45(d)(3)(A), DOE 20 files this Motion to Quash Subpoena served on Custodian of Records, Comcast of Texas, because the Defendant's case is improperly joined and the subpoena requires the disclosure of protected information and subjects DOE 20 to undue burden. The subpoena further seeks information that is not relevant given the Plaintiff's inability to use said information to establish that DOE 20 infringed on Plaintiff's copyright, rather than some other person at DOE 20's IP Address.

2. Plaintiff filed suit in the Southern District of Texas against 22 unnamed Defendants, including DOE 20 in cause number 14-cv-02060, who is the Movant in this Motion. Movant DOE 20 is hereafter referred to as "DOE 20."

3. Plaintiff additionally filed suit against unnamed defendants in 26 other cause numbers which have been consolidated in the present action. In total, Plaintiff has filed suit against 532 Defendants, all of whom are unnamed and identified solely as a DOE with an IP Address.

4. Plaintiff alleges that the Doe Defendants, including Movant DOE 20, have obtained a copy of a Movie, namely "The Cobbler," in violation of Plaintiff's copyright.

5. DOE 20 is a resident of Houston, Texas and has been identified as allegedly assigned at the IP Address 76.30.82.133.

6. Comcast Texas is an Internet Service Provider (ISP) that provides internet service to residents of Texas, including DOE 20.

7. Plaintiff served a subpoena on the Custodian of Records for Comcast Texas, to compel the disclosure of documents to identify the name and permanent and current addresses of DOE 20, so DOE 20 can be named as a defendant in Plaintiff's copyright infringement action. A true and correct copy of said subpoena is attached as "Exhibit A."

8. DOE 20 has standing to move to quash the subpoena because it seeks disclosure of personal identification information which his confidential and which DOE 20 has a personal and proprietary interest. Fed R. Civ. P. 45(c)(3)(B) grants a person affected by, but not subject to, a subpoena to move to quash said subpoena.

9. According to the docket for the original action filed in cause 02060, no defendants listed in the original petition in which DOE 20 was included have been identified other than by IP address. According to the consolidated docket in this cause, one defendant has been identified as Paul Vaughn of Spring, Texas. All of the other 532 defendants, including DOE 20, remain unidentified and have not received process or been served. The Southern District of Texas therefore lacks personal jurisdiction over any of the unnamed and un-served Does. The Southern District of Texas therefore also lacks personal jurisdiction over DOE 20.

10. Plaintiff filed an ex parte motion for leave to serve third party subpoenas, pursuant Fed. R. Civ. P 26(d)(1). Plaintiff filed said motion prior to any Rule 26(f) conference. Said motion was granted by this Court by an order signed on August 5, 2015. See attached

"Exhibit B." Comcast Texas notified DOE 20 of this subpoena on October 22, 2015 and gave notice it would be supplying the information requested if no Motion to Quash was filed by November 20, 2015. See the redacted letter attached as "Exhibit C." This Motion is therefore timely.

## ARGUMENT

### A. Plaintiff Has Improperly Joined 22 Defendants in the Original Petition Filed and Has Improperly Joined 532 Defendants in the Consolidated Case.

1. Plaintiff has improperly joined 22 defendants in the initial Petition filed in this case, and has compounded that impropriety by consolidating all 532 cases into the present action. The joinder of these cases creates an unfair risk of prejudice to DOE 20. The improper joinder of 22 and then 532 cases creates an undue burden on DOE 20.

2. Mass joinder of copyright cases is disfavored. Fed. R. Civ. P. 20 allows for the joinder of defendants in cases "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." In denying joinder on a mass copyright claim one court noted that specifically for copyright cases "wholesale litigation of these claims is inappropriate" given the nature of mass copyright suits, i.e. the claims and defenses of each case are particular to the unique nature of that case and cannot fairly be tried together. *BMG Music v. Does 1-203,* No. 04-650. (E.D. Pa. Apr 02, 2004) . Other courts have similarly rejected such joinder. See *LaFace Records, LLC v. Does 1 – 38,* No. 5:07-cv-298-br (E.D.N.C. Feb 27, 2008); *BMG Music v. Does 1 – 4,* No. 3:06-cv-01579 (N.D. Cal. July 31, 2006); In rejecting joinder in *LaFace,* that court noted "merely committing the same type of violation in the same way does not link defendants together for the purposes of joinder" *Laface* at 2, (E.D.N.C. 2008). This is especially true in the present case. While the defendants in this matter are alleged to have infringed on the same work, each particular defendant may have a different defense or circumstance that warrants individual scrutiny by the Court and the trier of fact. These cases do not arise out of the same transaction, as each defendant is presumably a different individual, all living separately, with different internet access and different network access. Joining these cases deprives each defendant of the opportunity to defend his or her case on its individual merits, and speaking practically it would be near impossible to actually try these cases before one jury at once. Plaintiff's attorneys know this, and have no intention of actually trying these cases, as explained below.

### B. Plaintiffs are Engaged in an Impermissible Fishing Expedition.

1. Plaintiffs and their attorneys are engaging in what has commonly become known as "copyright trolling," whereby plaintiff's attorneys file suit against large numbers of unnamed Does based solely upon an IP address that is alleged to have been the source of a copyright infringement. While IP addresses locate to devices and provide a unique number they do not, and specifically in regard to IP addresses from Internet Service Providers cannot, identify the person using the device associated with the address at the time of the alleged infringement. Further, because in this case and in plaintiff's other cases the IP Addresses link to an Internet Service Provider and not to a specific device or person, the information gained from any subpoena revealing the account associated with said IP address fundamentally cannot establish a particular user or device because of the way in which Internet Service Providers function. Namely, an Internet Service Provider will provide to a customer a router and modem which connects the customer to the internet. That router/modem's IP address is thereafter associated with the customer's account. However, because the IP address links to the router/modem it does not link to any specific device using said router/modem for internet access. The router/modem provides a network to which users can connect both wirelessly and through a direct connection. However, the information coming to and from the router/modem itself is tagged only with the IP address associated with the modem/router, and not the devices behind the modem/router that are actually accessing the internet. Therefore, even if Plaintiffs were able to obtain the name of DOE 20 who is allegedly associated with one of the IP address at question in this case, that information has no probative value to the question of infringement because that information cannot be used to establish which device on the DOE 20's network was responsible for the alleged infringement, and cannot establish any specific person using such a device. In short, the information requested through the subpoena could provide only the account holder of the modem/router associated with said account; it cannot provide any information as to which device being used by which person allegedly infringed on plaintiff's copyrights. As such, there is no probative value to the information requested by plaintiffs.

2. The issuance of a subpoena is subject to general relevancy standards and the standard applicable to discovery under Fed. R. Civ. P. 26(b). Specifically the quantum of relevance must not be outweighed by the quantum of burden to the defendant. *See Syposs v. United* States, 181 F.R.D. 224, 226 (W.D.N.Y 1998). Here, the quantum of burden on the DOE 20 is great. Copyright trolling exists and thrives by strong-arming persons associated with IP addresses alleged to have infringed on a copyright holder into settling rather than face court proceedings (which, as explained further below, likely will never actually happen). Attorneys are expensive; court proceedings are time consuming; the prospect of facing expensive and time consuming litigation exists as a pressure exerted by plaintiff's attorneys (who can weather the cost and time of litigation) to settle even if a particular defendant (who is, no doubt, rightfully intimidated by the prospect of litigation)

is innocent of any infringement. Here, where the information requested by Plaintiffs has no probative value, the burden of DOE 20 to defend himself against allegations that cannot in anyway link him personally to the alleged infringement is great. Therefore, under a simple balancing test of the probative value of the information sought versus the burden placed on DOE 20, the subpoena should be quashed. Plaintiff's request for this information is an unjustified fishing expedition that will cause reputational injury, prejudice, and undue burden on DOE 20.

3. As noted above, the purpose of this receiving this information is not to actually pursue DOE 20 as a copyright infringement through legal proceedings, but rather to strong-arm DOE 20 into a settlement. Plaintiff's attorneys have tried this tactic once before in the Southern District of Texas, and showed their true intentions when called to carpet by Judge Hughes. In *Dallas Buyers Club v. Does 1-25* 4:14-cv-02218, Plaintiff's attorneys in this cause filed suit against alleged infringers of the film *Dallas Buyer's Club*. There, as here, they named only the IP addresses of Does in their suit and sought an order from the court compelling the Internet Service Provider's associated with said IP addresses to disclose the names of their customers. When Judge Hughes ordered Plaintiff's attorneys to appear and explain why they should not be required to actually name the Defendants they were seeking to sue, neither of Plaintiff's attorneys appeared to give any such explanation. In fact, Judge Hughes specifically ordered that if Plaintiff's attorneys wished to sue again under those facts they must do so before him, to preclude any attempts at forum shopping. *See* "Exhibit D." It is apparent from that case that these suits are filed solely for the purpose of extorting and strong-arming defendants into paying settlements, and that Plaintiff's attorneys have no intention of actually following through with suit or defending their attempts to fish this information from Comcast Texas. Discovery should not be used as a tool of oppression or for plaintiffs to strong-arm hapless defendants into accepting settlements for infringement claims that cannot be proven. As such, the subpoena should be quashed.

## CONCLUSION

Plaintiff's attorneys have improperly joined numerous unnamed defendants for the sole purpose of obtaining discovery via an impermissible fishing expedition in order to strong-arm persons associated with an IP address into paying settlements. Because of the improper joinder and the complete lack of actual probative value to be gained from plaintiff's subpoenas, the subpoena as it relates to DOE 20 should be quashed.

WHEREFORE, PRESMESIS CONSIDERED, DOE 20 respectfully requests this Court to quash the subpoena served on Comcast Texas as it relates to DOE 20 identified at IP address 76.30.82.133.

DATED: NOVEMBER 20, 2015

                                  Respectfully Submitted,

                                  /s/ *Thomas A. Ross*
                                  **Corso Law Group**
                                  Thomas Ross
                                  sbn:24084334
                                  5177 Richmond Ave.
                                  Suite 1250
                                  Houston, Texas 77056
                                  Ph: (713) 231-0499
                                  Fax: (713) 231 -0449
                                  Email: tross@corsolawgroup.com
                                  Attorneys for Defendant

## CERTIFICATE OF SERVICE

This is to certify that on November 20, 2015, a true and correct copy of the foregoing Motion to Quash Subpoena has been served via First Class Mail and Electronic Mail to Plaintiff's counsel of record:

Daniel R Kirshbaum
Attorney at Law
4900 Woodway
Ste 600
Houston, TX 77056
832-617-5683
832-266-0282 (fax)
drkirshbaum@aol.com

Keith Alvin Vogt
Attorney at Law
1033 South Blvd
Ste 200
Oak Park, IL 60302
708-203-4787
keith@vogtip.com

/s/ *Thomas A. Ross*_____
**Corso Law Group**

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of Texas

| | | |
|---|---|---|
| Cobbler Nevada, LLC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 15-cv-02060 |
| DOES 1-22 | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Subpoena Compliance/Custodian of Records: **Comcast of Texas, Inc.**
C/O C T Corporation System
1999 Bryan Street Suite 900, Dallas, TX 75201-3136

☑ *Production:* YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: Per the attached Order, provide the name, current (and permanent) addresses of all persons whose IP addresses are listed in the attached spreadsheet. We will provide data to you in cost-effective format if you inform us of your preferred format.

| Place: Keith A. Vogt, Esq. | Date and Time: |
|---|---|
| 1033 South Blvd. Suite 200 | |
| Oak Park IL 60302 | November 5, 2015 10:00 AM |

☐ *Inspection of Premises:* YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: __October 5, 2015__

*CLERK OF COURT*

OR

_____  _____s/Keith Vogt_____
*Signature of Clerk or Deputy Clerk*    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* ____Plaintiff____
, who issues or requests this subpoena, are:

Keith Vogt, Esq. / 1033 South Blvd. Suite 200 / Oak Park, IL 60302 / 708.203.4787
keith@vogtip.com

**EXHIBIT A**

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 15-cv-02060

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ 0 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Cobbler Nevada, LLC, | ) |
| | ) |
| | ) Case No.: 4:15-cv-02060 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DOES 1-22, | ) |
| | ) |
| Defendants. | ) |

ORDER ON MOTION FOR LEAVE TO SERVE
THIRD PARTY SUBPOENAS PRIOR TO A RULE 26(f) CONFERENCE

**THIS CAUSE** came before the Court upon Plaintiff's Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference (the "Motion"), and the Court being duly advised in the premises does hereby:

**FIND, ORDER AND ADJUDGE:**

1. Plaintiff established that "good cause" exists for it to serve third party subpoenas on the Internet Service Providers listed on Complaint Exhibit B (the "ISPs"). See UMG Recording, Inc. v. Doe, 2008 WL 4104214, *4 (N.D. Cal. 2008); and Arista Records LLC v. Does 1-19, 551 F. Supp. 2d 1, 6-7 (D.D.C. 2008).

2. Plaintiff may serve each of the ISPs with a Rule 45 subpoena commanding each ISP to provide Plaintiff with the true name and address of the Defendant to whom the ISP assigned an IP address as set forth on Complaint Exhibit B. Plaintiff shall attach to any such subpoena a copy of this Order.

3. Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of Internet services to

**EXHIBIT B**

one of the Defendants.

4. Each of the ISPs that qualify as a "cable operator," as defined by 47 U.S.C. § 522(5), which states:

the term "cable operator" means any person or group of persons

(A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or

(B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system

shall comply with 47 U.S.C. § 551(c)(2)(B), which states:

A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed.

by sending a copy of this Order to the Defendant.

5. ~~The subpoenaed ISPs shall not require Plaintiff to pay a fee in advance of providing the subpoenaed information; nor shall the subpoenaed ISPs require Plaintiff to pay a fee for an IP address that is not controlled by such ISP, or for duplicate IP addresses that resolve to the same individual, or for an IP address that does not provide the name of a unique individual, or for the ISP's internal costs to notify its customers. If necessary, the Court shall resolve any disputes between the ISPs and Plaintiff regarding the reasonableness of the amount proposed to be charged by the ISP after the subpoenaed information is provided to Plaintiff.~~

6. ~~If any particular Doe Defendant has been voluntarily dismissed then any motion filed by said Defendant objecting to the disclosure of his or her identifying information is hereby denied as moot. Notwithstanding the foregoing, the applicable ISP shall withhold the~~

~~moving Defendant's identifying information from Plaintiff unless and until Plaintiff obtains a subsequent court order authorizing the disclosure.~~

5. ~~7.~~ Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on an ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

**DONE AND ORDERED** this 5th day of August, 2015

By_____
**UNITED STATES DISTRICT JUDGE**



NE&TO
650 Centerton Road
Moorestown, NJ 08057
866-947-8572 Tel
866-947-5587 Fax

10/22/2015

*Personal and Confidential*

*Via UPS & USPS Delivery*



Re: *Cobbler Nevada, LLC v. Does 1-22*
United States District Court for the Southern District of Texas
Docket No.: 4:15-cv-02060
Order Entered: 8/5/2015

Dear ▮▮▮▮▮

    *Cobbler Nevada, LLC* has filed a federal lawsuit in the United States District Court for the Southern District of Texas. You have been identified in our records via your assigned Internet Protocol ("IP") address, which is unique to each internet user, in this lawsuit for allegedly infringing *Cobbler Nevada, LLC's* copyrights on the Internet by uploading or downloading content without permission. This was allegedly done using a device assigned the IP address 76.30.82.133:58463 on 4/25/15 02:43:37 AM GMT. The court has ordered Comcast to supply your name, address and other information to *Cobbler Nevada, LLC* in the attached Order and accompanying Subpoena. The case has been assigned Docket Number 4:15-cv-02060 by the court. If you have any questions about the lawsuit, you should consult an attorney immediately. **Comcast cannot and will not provide any legal advice.**

    Comcast will provide your name, address, and other information as directed in the Order and Subpoena unless you or your attorney file a protective motion to quash or vacate the Subpoena in the court where the subpoena was issued **no later than 11/20/2015**. If you make this filing, you must notify Comcast in writing with a copy and proof of filing by sending it via fax to (866) 947-5587 <u>**no later than 11/20/2015**. Please note that Comcast cannot accept or file any legal action on your behalf.</u> If you do not file a motion to quash or vacate the Subpoena by this date, or if you fail to notify Comcast of your filing by this date, Comcast will provide your name, address and other information as directed in the Order to the Plaintiff.

    If you have legal questions about this matter, please contact an attorney.

                              Sincerely yours,

                              Comcast Legal Response Center

Attachments:   Copy of Subpoena and accompanying Court Order regarding civil action

**EXHIBIT C**

| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|

| Dallas Buyers Club, LLC, | § | |
| Plaintiff, | § | |
| versus | § | Civil Action H-14-2218 |
| Internet User, et al., | § | |
| Defendants. | § | |

## Final Dismissal

1. Because Dallas Buyers Club, LLC, no longer wishes to pursue this matter, the court dismisses this case without prejudice.

2. If Dallas sues again based on these facts, it must be assigned to Judge Lynn N. Hughes.

3. Dallas moved for relief. This court immediately set a hearing on the motion. After counsel for Dallas could not attend the setting, the court reset the hearing to accommodate him. Dallas again requested that the court reset the hearing because its lead counsel could not attend – on the very date it requested. Dallas's lawyer was surprised to discover that he could not appear telephonically at his whim because he did not bother to read the court's rules.

4. At each step, Dallas has persisted in calling and e-mailing the court's case manager without addressing the court formally.

**EXHIBIT D**

5. Dallas was unable to specifically identify the people it sued, relying instead on the trite fictions of John Does. When asked to describe with specificity who the people were – internet users, people who visited a website, subscribers – it listed the internet addresses for each person in block text – impenetrable by anyone save for a fourteen-year old with designs to use them.

Signed on August 12, 2014, at Houston, Texas.

Lynn N. Hughes
United States District Judge